### SHALE v. BUTLER.

(Supreme Court, Special Term, New York County. May, 1912.)

LANDLORD AND TENANT (§ 28*)—CANCELLATION OF LEASE—MISREPRESENTATIONS.

    The lessee of an apartment at an annual rental of $2,000 is entitled to a cancellation of the lease for misrepresentation as to the floor space of the several rooms, where the actual area is 9½ per cent. less than that stated on a plan shown the lessee as an inducement to lease.

    [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 82–84; Dec. Dig. § 28.*]

Action by one Shale against one Butler. Decree for plaintiff.

McReynolds & Hunter, for plaintiff.

Maurice S. Hyman, for defendant.

GOFF, J. Before plaintiff signed a lease of the apartment in question he had a conversation with the landlord's agent, in the course of which the agent gave him a printed plan, entitled "typical floor plan." This purports to show an entire floor divided into apartments, the rooms, halls, and partitions of each apartment, and words designating the purpose of each room, such as "parlor" and "dining room," and underneath such words figures, as "11.6x18," which must be understood to represent dimensions in feet and inches. Plaintiff had some difficulty in seeing the premises that day, owing to the apparent reluctance of the then tenant to allow him to pass through the parlor, dining room, and library, so that all the information he had as to the dimensions of the various parts of the apartment was a glimpse of three or four bedrooms and the hall and the plan which was given him. Plaintiff repudiated the lease before taking possession, on the ground that the dimensions of the rooms were not as shown on the plan.

The dimensions of the parlor, dining room, and library so shown, and the actual dimensions, measured along the floors, are as follows: Defendant's Plan—Dining room, 14x18; parlor, 13x18; library, 11.6x18. Actual Floor Measurements—Dining room, 13.3¾x17.2½; parlor, 12.8½x16.6; library, 10.7½x17.3½. The measurements of the six other chambers in the apartment show similar discrepancies.

In defendant's view the plan, being entitled "typical floor plan," should not be construed to be a plan of the apartment in question, but one which may differ from the apartment in details, being a plan of some other apartment in the building, selected as a type to show the general characteristics of all of them. The difficulty with that view is that the plan shown plaintiff cannot be a correct description of any apartment in the building. The plan shows the exact arrangement of the apartment in question. No other apartment in the building could have the same arrangement, with a greater area for each room, because that would make a greater space between the outside walls of the building on some other floor than there is on the floor in question, which is impossible, because the walls are in one vertical plane from sidewalk to roof. Defendant's plan is, therefore, not an accurate plan of any apartment. It is not a plan of any floor which may be said to be typical, and consequently is not a typical floor plan. Being entitled "floor plan," the measurements stated thereon must be taken to have been made along the floors, and not from wall to wall above the floors. The actual area of the nine chambers is about 9½ per cent. less than their area as stated on the plan.

It is difficult to understand why these figures were published, unless intended to deceive prospective tenants as to floor space. Many such tenants would not take the trouble to make measurements before signing a lease, especially if the measurements were before them on a plan. When so stated, they can be as easily stated accurately as in round numbers, taking always the larger round number. Such misstatements are not consonant with the good faith which should be exercised between a landlord and a prospective tenant. The agreed rental was $2,000, and if the tenant had taken possession, and the floor space had been as represented, and the tenant had deducted 9½ per cent. of the rental, or $190, the court, on complaint of the landlord, could not say that the deficiency was an immaterial matter. If a vendee contracted to purchase a plat of ground of certain dimensions for building purposes, and the survey shows that the plat was 9½ per cent. less in superficial area than the contract called for, a court of equity would not decree specific performance. If the vendee is entitled to receive what he contracted for, so is the lessee. Under the conditions of life in our city, when residence in apartments has become so universal, when floor space has become so valuable that the square foot is the unit by which rentals are fixed, when domestic furnishings are fashioned and adapted to rooms of certain dimensions, a tenant should receive in floor space all that he pays rent for and that the landlord purports to lease to him. The plan given to the plaintiff was undoubtedly intended by the landlord as an inducement to the tenant to lease. That inducement was founded on a representation of what purported to be an existing material fact, but which was, in point of fact, false, and therefore the tenant was fraudulently induced to execute the lease.

A decree will be granted canceling the lease as fraudulently procured. Present findings and decree, with notice of settlement.